UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON REZENDES, ET AL.,

    Plaintiffs,
v.                          Case No. 8:14-cv-1401-T-33JSS

DOMENICK'S BLINDS & DECOR, INC.,
ET AL.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Stipulation as to Damages and for Entry of Final Judgment (Doc. # 93), which was filed on July 21, 2015. The Court grants the Motion as discussed below.

**I.**    **Background**

Jason Rezendes filed a Fair Labor Standards Act case for unpaid overtime compensation and minimum wage violations on June 12, 2014. (Doc. # 1). Defendants filed an Answer as well as affirmative defenses on July 7, 2014. (Doc. # 10). On September 3, 2014, Adriana Helfrich filed a Notice of Consent to Join signifying her intent to participate in this action. (Doc. # 30). Since that time, Helfrich legally changed her name to Adriana Monroy, and the Court will refer to her as Monroy going forward as requested by the parties.

On March 2, 2015, Plaintiffs filed their Motion for Summary Judgment seeking a determination that Defendants improperly classified Plaintiffs as independent contractors,

rather than employees, that Plaintiffs were entitled to overtime compensation, and that Defendant Domenick Falconetti was individually liable for the FLSA violations of Domenick's Blinds. (Doc. # 63). On June 2, 2015, the Court granted Plaintiffs' Motion for Summary Judgment. (Doc. # 83). In essence, the Court's Order addressed liability only, not damages. As indicated by the parties: "As a result of the Court's Order, the sole issue remaining for trial on Count I was the amount of damages owed to Plaintiffs, and the sole issues remaining for trial on Count II were whether Defendants failed to pay Plaintiffs the prevailing minimum wage for all hours worked and the corresponding amount of damages owed to Plaintiffs." (Doc. # 93 at 2).

On July 1, 2015, the parties filed a Joint Pretrial Statement in which they stipulated to liability on Count II of the Amended Complaint and to the total amount of damages sought by Plaintiffs under both counts. (Doc. # 87). Therein, the parties signaled to the Court that no issues of fact remained to be tried by a jury. (Id.). The Court accordingly cancelled the pretrial conference and directed the parties to submit the full agreement to the Court for review and approval. (Doc. # 88). Thereafter, Defendants' insurer, First Community Insurance Company, filed a Motion requesting permission to intervene in this action and requesting that the

Court abate the action pending resolution of a coverage action pending in state court. (Doc. # 90). In compliance with the Court's directive, the parties have filed the present Joint Motion to Approve Stipulation as to Damages and for Entry of Final Judgment. (Doc. # 93).

## II. Analysis

Plaintiffs allege that Defendants violated the provisions of the Fair Labor Standards Act. Accordingly, any agreement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Here, the parties agree that Plaintiff Rezendes is entitled to a total award of $30,000.00 against Defendants, jointly and severally, representing $15,000.00 in unpaid overtime and minimum wages, and $15,000.00 in liquidated damages. The parties likewise agree that Plaintiff Monroy is entitled to a total award of $5,000.00 against Defendants, jointly and severally, representing $2,500.00 in unpaid overtime and minimum wages and $2,500.00 in liquidated damages. In the Motion, the parties indicate that these "Final Judgment amounts . . . constitute more than payment in full for Plaintiffs' claims under Count I and Count II of the Amended Complaint." (Doc. # 93 at 3).

The parties further explain that they have not been able

to reach an accord as to fees and costs and request that Plaintiffs' counsel be granted 20 days to file a motion for attorney's fees and costs. The parties further aver that, while they have not come to an agreement about attorney's fees and costs, the amount of damages due to Plaintiffs has been negotiated separately and independently from the issue of attorney's fees and costs. (Id. at 4).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably resolve this case. The agreement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion to Approve Stipulation as to Damages and for Entry of Final Judgment (Doc. # 93) is **GRANTED**.

(2) The Clerk is directed to enter Judgment in favor of Plaintiff Rezendes in the amount of $30,000.00 against Defendants, jointly and severally. The Clerk is likewise directed to enter Judgment in favor of Plaintiff Monroy in the amount of $5,000.00 against Defendants, jointly and severally.

(3) Plaintiff is directed to file a Motion for Attorney's Fees and Costs on or before **AUGUST 10, 2015.** The Court notes that it will decide the issue of attorney's fees and costs regardless of whether, when the Motion is filed, the Clerk has closed the case file.

(4) The Clerk is directed to close the case.

(5) First Community Insurance Company's Motion to Intervene and to Abate (Doc. # 90) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>21st</u> day of July, 2015.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record