UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON REZENDES, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.                                    Case No.  8:14-CV-1401-VMC-JSS

DOMENICK'S BLINDS & DÉCOR, INC.,
a Florida corporation, and
DOMENICK FALCONETTI, individually,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' AMENDED MOTION
TO STAY EXECUTION AND FOR APPROVAL OF SUPERSEDEAS BONDS**

    Plaintiff, JASON REZENDES ("Rezendes"), and Opt-in Plaintiff, ADRIANA MONROY ("Monroy") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby file this Response to Defendants' Amended Motion to Stay Execution and for Approval of Supersedeas Bonds (the "Amended Motion"), and state as follows:

*Background*

    On July 21, 2015, this Court entered an order directing the clerk to enter separate Final Judgments against Defendants, Domenick's Blinds & Décor, Inc. and Domenick Falconetti (collectively "Defendants"), and in favor of Rezendes ($30,000) and Monroy ($5,000) for unpaid overtime and minimum wages and liquidated damages under the FLSA.  (Doc. 95)  The clerk entered Final Judgments consistent with the Court's order on July 22, 2015.  (Doc. 96, 97)  On August 19, 2015, Defendants filed a separate Notice of Appeal as to each Final Judgment.  (Doc. 106, 107)  That same day, Defendants filed a Motion to Stay Execution and for Approval of

Supersedeas Bonds (Doc. 108), which motion was summarily denied by the Court due to Defendants' failure to comply with Local Rule 3.01(g).

On August 20, 2015, the day after the Court's denial of Defendants' motion, Defendants filed their Amended Motion, which was identical in all respects but for Defendants' inclusion of a certification purporting to comply with Local Rule 3.01(g). Upon review of Defendants' Amended Motion and pertinent case law applicable thereto, Plaintiffs do not oppose the entry of an order staying execution of the Final Judgments pending disposition of Defendants' appeal, provided that Defendants deposit cash into the Court registry or post an equivalent bond sufficient to provide adequate security for Plaintiffs' Final Judgments.[1] However, as further detailed herein, Plaintiffs request that the amount of the cash deposited or bond posted be set at an amount higher than that proposed by Defendants.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay of execution on the judgment appealed from by posting a supersedeas bond which is approved by the district court. As previously noted, Plaintiffs do not *per se* oppose the entry of an order staying execution of the Final Judgments pending Defendants' appeal. Rather, Plaintiffs submit

---

[1] To clear up any confusion regarding Plaintiffs' agreement herein to the stay of execution in light of Defendants' certification that Plaintiffs did not agree to the Amended Motion, unfortunately, Defendants' Certificate of Compliance did not accurately represent Plaintiffs' position to the Court. After the initial motion was denied, Defendants' counsel contacted Plaintiffs' counsel on Thursday, August 20th demanding an immediate response to the relief sought in the Amended Motion. Plaintiffs' counsel made it abundantly clear in emails and a phone call with Defendants' counsel that Plaintiffs did not necessarily oppose the Amended Motion, but that counsel required a reasonable amount of time of two or three days during which to research the legal issues implicated and provide an informed response. In response to Defendants' counsel's concern that an urgent response was necessary due to their belief that Plaintiffs could begin executing on the Final Judgments the following day (an urgency that was of course caused by Defendants' previous failure to confer prior to filing the initial motion), Plaintiffs' counsel confirmed in writing that Plaintiffs would not begin any collection efforts before providing a response to the Amended Motion and again requested additional time to consider the same. Rather than respond to this request, Defendants filed the Amended Motion the same day as their first communication with Plaintiffs' counsel and represented to the Court that Plaintiffs did not agree to the relief sought. This was not accurate, and unfortunately, Defendants' failure yet again to comply with applicable rules has caused Plaintiffs to incur additional attorneys' fees in responding to a motion on which the parties could have agreed to at least a portion of the relief sought, had Defendants engaged in a good faith dialogue.

that the bond amount proposed by Defendants—$43,750 or 125% of the combined amount of the Final Judgments—is grossly inadequate to provide security for Plaintiffs' Final Judgments pending the appeal. Contrary to Defendants' contention that the appropriate cash deposit or bond amount should be determined by referring to specific percentage figures in the local rules of various other district courts, all of these local rules have in common that they do not disturb the broad discretion of the district court to enter a higher bond amount as appropriate under the facts and circumstances of the case.[2] *E.g.*, D. Kan. Rule 62.2 (setting a bond amount at 125% of the judgment amount "unless the court otherwise directs"); s*ee Avirgan v. Hull*, 125 F.R.D. 185, 188 (S.D. Fla. 1989) (noting that the determination of an appropriate bond "is generally reserved to the sound discretion of the district judge").

It is well established that the amount of a supersedeas bond under Rule 62(d) should "include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay . . . ." *Poplar Grove Planting & Refining Co. v. Bache Halsey-Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (quotation omitted). Furthermore, "[c]ourts generally require that the amount of the bond include the full amount owed under the award, post-judgment interest, ***attorney's fees and costs***." *Verhoff v. Time Warner Cable, Inc.*, 2007 WL 4303743 * 3 (N.D. Ohio Dec. 10, 2007) (emphasis added) (citing *Poplar Grove*, 600 F.2d at 1191); *accord N. River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 895 F. Supp. 83, 84–85 (E.D. Pa. 1995) ("Thus, in the normal course, a stay should be granted if a supersedeas bond includes the amount of the judgment as well as post-judgment interest, and, if recoverable, counsel fees and

---

[2] Plaintiffs were unable to locate the source of "Gen. R. 33" cited by Defendants from the Southern District of New York, and the most recent online case citing any General Rule from that district is from the year 2000. Accordingly, Plaintiffs suspect that the General Rules have since been replaced by the Local Rules of the Southern District of New York, which do not currently provide for any specific amount of a supersedeas bond.

costs. While the court has the authority to allow a lesser bond, it should do so only in extraordinary circumstances." (citations omitted)).

In order to protect the prevailing party against suffering a financial loss as a result of an unsuccessful appeal, courts setting an appropriate bond under Rule 62(d) should include estimated appellate attorneys' fees as well as interest during the estimated pendency of the appeal. *See Moses v. K-Mart Corp.*, 922 F. Supp. 600, 601 n. 3 (S.D. Fla. 1996) (explaining that the bond amount set by the court accounted for "interest, and costs and attorney's fees associated with the appeal"), *aff'd in part and rev'd in part on other grounds*, 136 F.3d 140 (11th Cir. 1998) (table opinion); *N. River Ins. Co.*, 895 F. Supp. at 85 (including in the bond amount a year's worth of interest and $50,000 in estimated appellate counsel fees); *Avirgan*, 125 F.R.D. at 188 (including in the bond amount post-judgment interest, $5,000 in appellate costs, and $100,000 in estimated appellate attorneys' fees).

It is particularly appropriate to include Plaintiffs' appellate attorneys' fees in the instant case given that attorneys' fees are mandatory to a prevailing plaintiff in an FLSA case. *See Moses*, 922 F. Supp. at 601 n. 3 (including appellate attorneys' fees in setting a bond because of the "mandatory nature" of a fee award in a case under the ADEA); *see also, e.g.*, *Sierra Club v. El Paso Gold Mines, Inc.*, 2003 WL 25265871 ** 11–12 (D. Colo. Apr. 21, 2003) (holding that appellate attorneys' fees were part of a cost bond under Fed. R. App. P. 7 when the underlying statute provided for an award of attorneys' fees to the prevailing party). In addition, the Court should consider the overwhelming success achieved by Plaintiffs in this litigation and the high probability that Defendants will not be successful in their appeal in light of the Court reaching the "inescapable conclusion"[3] that Plaintiffs were misclassified as independent contractors. *See also In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 128–29 (S.D.N.Y. 1999)

---

[3] Court's Order granting Pls.' Mot. for S.J. as to Liab. on Count I of the Amend. Compl. at p. 24.

(holding that a court "has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal," by including appellate attorney's fees); *Tri-Star Pictures, Inc. v. Unger*, 32 F. Supp. 2d 144, 150 (S.D.N.Y. 1999) (same holding).

In addition to including appellate attorneys' fees, courts routinely include in a supersedeas bond the appellee's estimated attorneys' fees and costs in the underlying district court case when there is a pending fee motion, particularly when such fees are awarded as a matter of right.  *See U.S. ex rel. Sun Const. Co. v. Torix Gen. Contractors, LLC*, 2011 WL 2182897 * 3 (D. Colo. June 6, 2011) (including $570,000 in estimated attorneys' fees yet to be determined); *Bank One, N.A. v. Echo Acceptance Corp.*, 2008 WL 4822512 * 2 (S.D. Ohio Nov. 3, 2008) (including an unspecified amount of attorneys' fees yet to be awarded); *Verhoff*, 2007 WL 4303743 at * 3 (including approximately $129,000 in attorney's fees and costs yet to be awarded in an FMLA action despite the appellant's opposition to the pending fee motion); *Moses*, 922 F. Supp. at 601 n. 3 (including approximately $500,000 in pending attorneys' fees and costs in an ADEA action).  Given the fact that Plaintiffs have filed a pending motion for attorneys' fees and costs and are entitled to a fee and cost award under the FLSA (Doc. 102), the Court should include in the cash deposit or supersedeas bond an estimated amount of Plaintiffs' attorneys' fees and costs in the underlying action.

In summary, the amount of the cash deposit or supersedeas bond proposed by Defendants is not adequate to secure Plaintiffs' Final Judgments and protect Plaintiffs from the danger that Defendants will not have adequate funds to satisfy the amounts owed to Plaintiffs—including attorneys' fees and costs in the appeal as well as the underlying action—at the conclusion of the appeal.  *See N. River Ins. Co.*, 895 F. Supp. at 84 ("The appellee should not have to undertake the risk that the appellant's financial situation will deteriorate while appellant's appeal is pending.").

This is especially true give the extraordinarily high likelihood that Defendants' appeal will be unsuccessful. The Court should also be mindful of the fact that Defendants have repeatedly attempted to delay these proceedings to avoid paying the Final Judgments,[4] and there is good reason for the Court to be wary of Defendants' ability—as a small business and its owner—to pay the Final Judgments and a substantial, associated attorneys' fees and costs award that will ultimately be owed to Plaintiffs. Allowing these amounts to increase even further during a meritless appeal without requiring the security of a bond for Plaintiffs' attorneys' fees and costs would greatly harm Plaintiffs.

Accordingly, Plaintiffs submit that an adequate and appropriate cash deposit or supersedeas bond must include: (i) the full amount of the Final Judgments; (ii) estimated interest and costs on appeal; (iii) estimated appellate attorneys' fees; and (iv) estimated attorneys' fees and costs awardable in the underlying action. Plaintiffs agree that the amount of 125% of the Final Judgments ($43,750) proposed as a bond amount by Defendants is adequate to account for the first two categories. However, Plaintiffs request that the Court add to the bond approximately $30,000 in estimated appellate attorneys' fees and approximately $250,000 in estimated attorneys' fees and costs in the underlying action pursuant to Plaintiffs' pending fee motion,[5] for a total cash deposit or bond amount of $323,750.00. This amount would provide Plaintiffs with an adequate security for the full amounts owed to them by Defendants and protect

---

[4] For example, Defendants filed a response consenting to their insurer's Motion to Intervene and Abate this action (Doc. 92) and also filed a motion seeking to toll the time for Defendants to file an appeal. (Doc. 94) Although both of these motions were denied by this Court (Doc. 95, 101), Defendants have displayed a pattern of attempting to stall Plaintiffs' ability to collect on their Final Judgments so that Defendants can engage in a coverage dispute with their insurance company.

[5] On August 31, 2015, Defendants filed a response to Plaintiffs' motion for attorneys' fees and costs. (Doc. 113) Defendants contend that Plaintiffs are entitled to an award of $131,331.45 in attorneys' fees and $10,222.99 in costs, for a total award of 141,554.45. *Id.* at 10. Although Plaintiffs vigorously contest Defendants' understated estimates of the amount of recoverable attorneys' fees, at a minimum, the Court should include the amount conceded by Defendants in the cash deposit or bond required for a stay of execution.

Plaintiffs from additional losses which may be incurred should Defendants' financial situation deteriorate while they pursue a groundless appeal.

WHEREFORE Plaintiff, JASON REZENDES, and Opt-in Plaintiff, ADRIANA MONROY, respectfully request that the Court enter an Order conditioning a stay of execution of the Final Judgments upon payment by Defendants of cash into the Registry of Court in the amount of $323,750.00, or such other amount as the Court deems sufficient to protect the interests of Plaintiffs during the pendency of Defendants' appeal, or alternatively, Defendants' posting of a supersedeas bond in the same amount, and further providing that such cash or bond shall be fully released to Plaintiffs upon the earlier of the dismissal of Defendants' appeal or an order from the Eleventh Circuit affirming the Final Judgments, along with such additional relief as the Court deems just and proper.

Respectfully submitted,

Dated:   September 1, 2015

SHUMAKER, LOOP & KENDRICK, LLP
240 South Pineapple Avenue
Post Office Box 49948
Sarasota, Florida  34230-6948
(941) 366-6660; (941) 366-3999 (fax)
dstrader@slk-law.com
jcollier@slk-law.com
*Attorneys for Plaintiffs*

By: */s/ Daniel R. Strader*
    Daniel R. Strader
    Fla. Bar No. 0099187
    Jason A. Collier
    Fla. Bar No. 0733318

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically using the CM/ECF system, which will serve a copy upon Phillip S. Howell and Autumn George, Attorneys for Defendants, at phowell@gallowayjohnson.com and ageorge@gjtbs.com, and upon Stacey L. Papp, Attorney for Intervenor, at spapp@hamiltonmillerlaw.com.

Dated:   September 1, 2015

SHUMAKER, LOOP & KENDRICK, LLP
240 South Pineapple Avenue
Post Office Box 49948
Sarasota, Florida  34230-6948
(941) 366-6660
(941) 366-3999 (fax)
dstrader@slk-law.com
jcollier@slk-law.com
dgrowney@slk-law.com
*Attorneys for Plaintiffs*

By: */s/ Daniel R. Strader*
       Daniel R. Strader
       Fla. Bar No. 0099187
       Jason A. Collier
       Fla. Bar No. 0733318