UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON REZENDES, on
behalf of himself and
all others similarly
situated,

    Plaintiff,

v.                                   Case No: 8:14-cv-1401-T-33JSS

DOMENICK'S BLINDS &
DECOR, INC. and DOMENICK
FALCONETTI,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. # 102), which was filed on August 10, 2015. On August 31, 2015, Defendants filed a Response in Opposition to the Motion. (Doc. # 113). The Court initially referred the Motion to the Magistrate Judge for disposition. (Doc. # 103). Thereafter, Defendants filed an appeal. (Doc. ## 106, 107). For the reasons that follow, this Court unrefers the Motion and denies the Motion without prejudice.

**I.**    **Procedural History**

Jason Rezendes filed a Fair Labor Standards Act case for unpaid overtime compensation (Count I) and minimum wage

violations (Count II) on June 12, 2014. (Doc. # 1). Defendants filed an Answer as well as affirmative defenses on July 7, 2014. (Doc. # 10). On September 3, 2014, Adriana Helfrich filed a Notice of Consent to Join signifying her intent to participate in this action. (Doc. # 30). Since that time, Helfrich legally changed her last name to Monroy.

On March 2, 2015, Plaintiffs filed their Motion for Summary Judgment seeking a determination that Defendants improperly classified them as independent contractors, rather than employees, that Plaintiffs were entitled to overtime compensation, and that Defendant Domenick Falconetti was individually liable for the FLSA violations of Domenick's Blinds. (Doc. # 63). On June 2, 2015, this Court granted Plaintiffs' Motion for Summary Judgment. (Doc. # 83). In essence, the Court's Order addressed liability only, not damages. As indicated by the parties: "As a result of the Court's Order, the sole issue remaining for trial on Count I was the amount of damages owed to Plaintiffs, and the sole issues remaining for trial on Count II were whether Defendants failed to pay Plaintiffs the prevailing minimum wage for all hours worked and the corresponding amount of damages owed to Plaintiffs." (Doc. # 93 at 2).

On July 1, 2015, the parties filed a Joint Pretrial Statement in which they stipulated to liability on Count II of the Amended Complaint and to the total amount of damages sought by Plaintiffs under both counts. (Doc. # 87). Therein, the parties signaled to the Court that no issues of fact remained to be tried by a jury. (Id.). The Court accordingly cancelled the pretrial conference and directed the parties to submit the terms of their agreement for the Court's consideration and approval. (Doc. # 88).

On July 21, 2015, the parties filed a Joint Motion to Approve Stipulation as to Damages and for Entry of Final Judgment (Doc. # 93), in which the parties agreed to the entry of a Final Judgment against Defendants in the amount of $35,000.00, exclusive of Plaintiffs' attorneys' fees and costs.

On July 21, 2015, the Court granted the Motion to Approve the Stipulation by directing the Clerk to enter Judgment in favor of Plaintiffs and directing Plaintiffs to file a Motion for Attorneys' Fees and Costs by August 10, 2015. (Doc. # 95). The Clerk entered Judgment in favor of Plaintiffs on July 22, 2015. (Doc. ## 96, 97.) On August 10, 2015, Plaintiffs filed their Motion requesting attorneys' fees in the amount of $241,783.00 and costs in the amount of

$10,222.99. (Doc. # 102). As previously noted, Defendants filed a Notice of Appeal of the Court's Judgment in favor of Plaintiffs on August 19, 2015. (Doc. ## 106, 107).

## II. Analysis

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matter involved in the appeal. In <u>Green Leaf Nursery v. E.I. DuPont de Nemours & Co.</u>, 341 F.3d 1292, 1309 (11th Cir. 2003), the Eleventh Circuit explained: "The filing of an appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." However, notwithstanding the pendency of an appeal, the Court has discretion to deny a motion for attorneys' fees without prejudice with leave to re-file after the appeal has concluded. <u>See</u> Fed. R. Civ. P. 54(d) (governing the procedure for awarding attorney's fees and costs). The Advisory Committee Notes to Rule 54(d)(2) provide that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the

appeal has been resolved." Advisory Committee Notes to the 1993 amendment to Rule 54(d)(2).

Rather than resolving the Motion for Attorneys' Fees and Costs during the pendency of the appeal, the Court determines that the interests of justice would be better served by denying the Motion without prejudice and with leave to re-file after the conclusion of the appeal. Immediate resolution of the collateral issues of attorneys' fees and costs is unlikely to assist the Court of Appeals, and attorneys' fees and costs are often resolved in appellate mediation. See Larson v. Correct Craft, Inc., No. 6:05-cv-686-Orl-31-GKJ, 2008 U.S. Dist. LEXIS 32311, at *3 (M.D. Fla. Apr. 18, 2008). Thus, the Court denies the Motion without prejudice and with leave to re-file no later than fourteen days after entry of a mandate by the Court of Appeals on Defendants' pending appeal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that

Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. # 102) is **DENIED** without prejudice and with leave to re-file no later than fourteen days after entry of a mandate by the Court of Appeals on Defendants' pending appeal.

- 6 -

**DONE** and **ORDERED** in Chambers in Tampa, Florida on this <u>10th</u> day of September, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record