UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON REZENDES, on behalf of
himself and all others similarly
situated,

        Plaintiff,
v.                          Case No. 8:14-cv-1401-T-33JSS

DOMENICK'S BLINDS & DECOR, INC.,
and DOMENICK FALCONETTI,

        Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendants' Domenick's Blinds & Decor, Inc. and Domenick Falconetti's Amended Motion to Stay Execution and for Approval of Supersedeas Bond (Doc. # 112), filed on August 20, 2015. On September 1, 2015, Plaintiffs Jason Rezendes and Adriana Monroy filed a Response in Opposition to the Motion. (Doc. # 114). On September 11, 2015, with leave of the Court, Defendants filed a Reply Memorandum. (Doc. # 120). The Court grants the Motion as specified below.

**I.**    **Background**

Jason Rezendes filed a Fair Labor Standards Act case for unpaid overtime compensation and minimum wage violations on June 12, 2014. (Doc. # 1). Defendants filed an Answer as well

as affirmative defenses on July 7, 2014. (Doc. # 10). On September 3, 2014, Adriana Helfrich filed a Notice of Consent to Join signifying her intent to participate in this action. (Doc. # 30). Since that time, Helfrich legally changed her name to Adriana Monroy, and the Court will refer to her as Monroy going forward as requested by the parties.

On March 2, 2015, Plaintiffs filed their Motion for Summary Judgment seeking a determination that Defendants improperly classified Plaintiffs as independent contractors, rather than employees, that Plaintiffs were entitled to overtime compensation, and that Defendant Domenick Falconetti was individually liable for the FLSA violations of Domenick's Blinds. (Doc. # 63). On June 2, 2015, the Court granted Plaintiffs' Motion for Summary Judgment. (Doc. # 83). In essence, the Court's Order addressed liability only, not damages. As indicated by the parties: "As a result of the Court's Order, the sole issue remaining for trial on Count I was the amount of damages owed to Plaintiffs, and the sole issues remaining for trial on Count II were whether Defendants failed to pay Plaintiffs the prevailing minimum wage for all hours worked and the corresponding amount of damages owed to Plaintiffs." (Doc. # 93 at 2).

On July 1, 2015, the parties filed a Joint Pretrial Statement in which they stipulated to liability on Count II of the Amended Complaint and to the total amount of damages sought by Plaintiffs under both counts. (Doc. # 87). Therein, the parties signaled to the Court that no issues of fact remained to be tried by a jury. (Id.). The Court accordingly cancelled the pretrial conference and directed the parties to submit the full agreement to the Court for review and approval. (Doc. # 88).

On July 21, 2015, the parties filed a Joint Motion to Approve Stipulation as to Damages and for Entry of Final Judgment (Doc. # 93). Therein, the parties outlined their agreement that Plaintiff Rezendes is entitled to a total award of $30,000.00 against Defendants, jointly and severally, representing $15,000.00 in unpaid overtime and minimum wages, and $15,000.00 in liquidated damages. The parties likewise agreed that Plaintiff Monroy is entitled to a total award of $5,000.00 against Defendants, jointly and severally, representing $2,500.00 in unpaid overtime and minimum wages and $2,500.00 in liquidated damages. The Court granted the Motion by directing the Clerk to enter Judgment in favor of Plaintiffs and instructed Plaintiffs to file a Motion for

Attorneys' Fees and Costs by August 10, 2015. (Doc. # 95). The Clerk entered Judgment in favor of Plaintiffs on July 22, 2015. (Doc. # 96, 97). On August 10, 2015, Plaintiffs timely filed their Motion for Attorneys' Fees and costs seeking $241,783.00 in fees and $10,222.99 in costs. (Doc. # 102). Thereafter, on August 19, 2015, Defendants filed a Notice of Appeal. (Doc. # 106, 107). On September 10, 2015, the Court denied the Motion for Attorneys' Fees and Costs without prejudice and with leave to re-file after the conclusion of the appellate proceedings. (Doc. # 119).

At this juncture, Defendants request that the Court stay execution and seek approval of a supersedeas bond. Plaintiffs agree to an Order staying execution in this case, but dispute the amount of the bond.

**II.   Discussion**

Federal Rule of Civil Procedure 62(d) governs motions to stay execution of a judgment and states in pertinent part: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond."

Here, Defendants request an Order approving the payment of 125% of the judgment amounts, directing Defendants to pay the amount directly into the registry of the court or, in the alternative, to post a supersedeas bond in that amount. As noted, Plaintiffs do not oppose a stay of execution; however, Plaintiffs argue that 125% of the judgment amounts is insufficient: "the bond amount proposed by Defendants–$43,750 or 125% of the combined amount of the Final Judgments–is grossly inadequate to provide security for Plaintiffs' Final Judgments pending the appeal." (Doc. # 114 at 3). Plaintiffs suggest that the bond amount should be set at $323,750.00, which would include "approximately $30,000 in estimated appellate attorneys' fees and approximately $250,000 in estimated attorneys' fees and costs in the underlying action." (Id. at 6).

In Prudential Insurance Company v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986), the court instructed: "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. It is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor." (citing Poplar Grove

-5-

Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979)). "Rule 62(d) ensures that a defendant can and will pay a victorious plaintiff if the judgment is affirmed. The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectable judgment and compensates him for delay in the entry of final judgment." United States v. O'Callaghan, 805 F. Supp. 2d 1321, 1324 (M.D. Fla. 2011)(internal citation omitted).

The Court recognizes Plaintiffs' argument that the amount proposed by Defendants is insufficient to protect Plaintiffs' interests during the appeal because Plaintiffs are entitled to statutory attorneys' fees as the prevailing parties under the FLSA.[1] However, in Poplar Grove, the Eleventh Circuit limited the supersedeas bond amount to the judgment amount, appellate costs, interest, and delay damages "unless the court after notice and a hearing and for good cause shown fixes a

---

[1] As noted, Plaintiffs previously filed a Motion for Attorneys' Fees and Costs in which they requested $241,783.00 in fees and $10,222.99 in costs. (Doc. # 102). Defendants conceded that Plaintiffs are entitled to fees and costs, but challenged the amounts requested. (Doc. # 113). Defendants submitted that Plaintiffs are entitled to $131,331.45 in attorneys' fees and $10,222.99 in costs. (Id.). The Court denied the Motion for Attorneys' Fees and Costs without prejudice and with leave to re-file at the conclusion of the appeal.

different amount or orders security other than the bond." 600 F.2d at 1191.

Here, the Court determines that Defendants' requested supersedeas bond amount (125% of the judgment) is adequate and covers the aforementioned items identified by the Eleventh Circuit. The Court notes that Plaintiffs' suggested amount, $323,750.00, is staggering in comparison to the combined amount of the judgments: $35,000.00. The Court agrees with Defendants that "judgment plus 25% is perfectly appropriate and reasonable, especially when considering no attorneys' fees have been awarded in this case, no fees motion is pending, and this Court has deferred consideration of the fees issue until after the conclusion of Defendants' pending appeals." (Doc. # 120 at 4).

In Home Design Services, Inc. v. Schwab Development Corp., No. 6:03-cv-596-Orl-31DAB, 2006 U.S. Dist. LEXIS 30921 (M.D. Fla. May 11, 2006), the court faced the same quandary as presented here: "The real issue is whether the amount on deposit should include Defendants' incurred attorney's fees, consideration of which has been deferred, pending the appeal of the underlying judgment." Id. at *3. That court did not include incurred attorneys' fees in the supersedeas bond,

reasoning: "The incurred fees are not part of any judgment and as such, as not properly included in a supersedeas bond or deposit." Id. The determination of an appropriate bond amount "is generally reserved to the sound discretion of the district judge." Avirgan v. Hull, 125 F.R.D. 185, 188 (S.D. Fla. 1989). The Court exercises its discretion by granting Defendants' Motion and setting the bond amount at $43,750.00 as requested by Defendants.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Domenick's Blinds & Decor, Inc. and Domenick Falconetti's Amended Motion to Stay Execution and for Approval of Supersedeas Bond (Doc. # 112) is **GRANTED.**

(2) The amount of bond is set at $43,750.00  Defendants may either post a supersedeas bond in this amount, or deposit this amount with the Clerk of the Court.  Defendants are advised that the Clerk accepts credit cards and cash. But a cashiers check is the preferred method for depositing funds into the Court's registry.

(3) The Judgments will be stayed pending resolution of the appeal after adequate security has been posted, as outlined above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>22nd</u> day of September, 2015.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record