UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON REZENDES, ET AL.,

      Plaintiffs,
v.                            Case No. 8:14-cv-1401-T-33JSS

DOMENICK'S BLINDS & DECOR, INC.,
ET AL.,

      Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Disburse Funds from Court Registry (Doc. # 127) and Joint Motion to Approve Settlement Agreement and for Dismissal with Prejudice (Doc. # 128), both filed on December 21, 2015. The Court grants the Motions as discussed below.

**I.    Background**

Jason Rezendes filed a Fair Labor Standards Act case for unpaid overtime compensation and minimum wage violations on June 12, 2014. (Doc. # 1). Defendants filed an Answer as well as affirmative defenses on July 7, 2014. (Doc. # 10). On September 3, 2014, Adriana Helfrich filed a Notice of Consent to Join signifying her intent to participate in this action. (Doc. # 30). Since that time, Helfrich legally changed her name to Adriana Monroy, and the Court will refer to her as Monroy going forward as requested by the parties.

On March 2, 2015, Plaintiffs filed their Motion for Summary Judgment seeking a determination that Defendants

improperly classified Plaintiffs as independent contractors, rather than employees, that Plaintiffs were entitled to overtime compensation, and that Defendant Domenick Falconetti was individually liable for the FLSA violations of Domenick's Blinds. (Doc. # 63). On June 2, 2015, the Court granted Plaintiffs' Motion for Summary Judgment. (Doc. # 83). In essence, the Court's Order addressed liability only, not damages.

After entry of summary judgment in favor of Plaintiffs, there was substantial additional activity in the case, including several post-judgment motions. On July 22, 2015, the Court entered Final Judgments in favor of Plaintiffs in the amount of $30,000 to Rezendes and $5,000 to Monroy. (Doc. ## 96, 97). Plaintiffs thereafter filed a Motion for the payment of attorneys' fees in the amount of $241,783 and costs in the amount of $10,222.99. (Doc. # 102). However, before the Court could address the motion for fees and costs, Defendants filed an appeal of the Judgments. (Doc. ## 106, 107). The Court accordingly denied the motion for fees and costs without prejudice pending adjudication of the appeal. (Doc. # 119).

In addition, in connection with the appeal, Defendants requested a stay of execution and approval of a supersedeas bond. (Doc. # 112). The Court granted the request and

Defendants' insurer deposited $43,750 into the Court's registry. (Doc. # 123). On December 21, 2015, at the parties' request, the Eleventh Circuit dismissed the appeals. Accordingly, this Court has once again been vested with jurisdiction to address what remains to be decided in this case.

At this juncture, the parties inform the Court that they have reached a full settlement of all remaining issues and request approval of the same. The parties also request that the funds held in the Court's registry be disbursed to Plaintiffs in accordance with their settlement and that the case be dismissed with prejudice.

## II. Analysis

Plaintiffs allege that Defendants violated the provisions of the FLSA. Accordingly, any agreement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Here, the parties agree that Plaintiff Rezendes is entitled to an award of $30,000 (plus post judgment interest estimated at $33) and Plaintiff Monroy is entitled to an award of $5,000 (plus post judgment interest estimated at $5).

As part of their agreement, Plaintiffs' counsel will receive "approximately $171,211.22 as payment of attorneys'

fees and costs. This amount was agreed upon separately, independently, and without regard to the amounts payable to Plaintiffs and does not reduce Plaintiffs' recoveries." (Doc. # 128 at 6).

The parties further explain that "all parties agree that this amount is fair and reasonable in light of the substantial work that has been done in this case over a period of more than eighteen months." (Id. at 10). Additionally, the parties explain that the amount now requested represents "a substantial discount from the approximately $250,000 in fees and costs sought in Plaintiffs' fee motion in August 2015." (Id. at 11). The parties have filed the complete settlement agreement with the Court. That agreement also calls for the dismissal of a state law action filed by Defendants' insurer in which declaratory relief is sought.

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably resolve this case. In Bonetti, the court explained:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and

> without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

These requirements have been met. The Court finds that the settlement agreement is fair on its face and represents a reasonable compromise of the parties' dispute. The Court recognizes that the agreed amount for the payment of Plaintiffs' attorneys' fees and costs is substantial, but unlike many FLSA cases that are settled at a mediation held prior to the filing of dispositive motions and without a single motion hearing, this case has been hotly litigated since its inception in June of 2014.

The parties and the Court have devoted significant resources to addressing the issues presented in this case. The Court considered dispositive motions, motions to strike, a motion to intervene filed by Defendants' insurer, as well as other substantive matters. In addition, the parties participated in two mediation conferences (one with Mary Lau, Esq. in August of 2014, and one with Peter Grilli, Esq. in May of 2015). Furthermore, after the Court entered Judgment in favor of Plaintiffs, Defendants initiated appellate proceedings. These circumstances justify the significant

attorneys' fees and costs incurred in this case.

So that the settlement may be effectuated and the case dismissed with prejudice as requested by the parties, the Court instructs the Clerk to disburse all funds held in the registry in this case to Plaintiffs, care of Plaintiffs' counsel, as detailed below.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion for Approval of Settlement Agreement and for Dismissal With Prejudice (Doc. # 128) is **GRANTED.**

(2) The parties' Joint Motion to Disburse Funds from Court Registry (Doc. # 127) is **GRANTED.**  The Clerk is directed to issue a check representing all funds on deposit in this case made payable to Shumaker, Loop & Kendrick, LLP, leaving no sum on deposit.  The Clerk shall mail the check to Shumaker, Loop & Kendrick, LLP, at P.O. Box 49948, Sarasota, Florida 34230-6948.

(3) This case is **DISMISSED WITH PREJUDICE.**

(4) The Court declines to retain jurisdiction over this case to enforce the settlement.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

6

<u>22nd</u> day of December, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE